UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| | : | 3:05-CR-00105 (JCH) |
| v. | : | |
| STEPHEN P. CORSO, | : | |
| Defendant. | : | JUNE 14, 2016 |

**RULING RE: UNITED STATES' MOTION FOR DISBURSEMENT OF FUNDS (DOC. NO. 155)**

**I.   BACKGROUND**

On April 20, 2005, defendant Stephen P. Corso ("Corso") entered a plea of guilty to one count of wire fraud in violation of section 1343 of title 18 of the United States Code and one count of attempted income tax evasion in violation of section 7201 of title 26 of the United States Code.  See Minute Entry (Doc. No. 9).  Four years later, on February 3, 2009, the court sentenced Corso to a term of imprisonment to be followed by supervised release, and imposed a restitution obligation of $5,446,735.  See Judgment (Doc. No. 73).  A separate Restitution Order entered shortly after Corso's sentencing proceeding specifying the amount of restitution Corso owes to individual victims, as well as the schedule on which Corso is obligated to make restitution payments.  See Restitution Order (Doc. No. 74).

On February 17, 2016, the United States filed the Motion now pending before the court, which asks the court to disburse funds currently held in the Registry of the Court to individual victims pursuant to the Restitution Order.  See United States' Mot. for Disbursement of Funds ("Mot. to Disburse") at 1-2 (Doc. No. 155).  The funds in the

1

Registry of the Court come from a variety of sources, including restitution payments made by Corso and the government's garnishment in September 2014, of a "previously undisclosed financial account." Id. at 2. All told, there is $597,496.06[1] in the Registry of the Court available for distribution. These funds were being held by the court while the government worked on obtaining "additional contact information for the remaining victims." Id. The pending Motion states that the necessary information has been compiled, with the result that the government now seeks to have these funds distributed. See id. at 3.

Although the pending Motion primarily seeks to have the funds in the Registry of the Court distributed to Corso's victims pursuant to the Restitution Order, the government has also asked "that this Court acknowledge and prioritize . . . child support arrearage" due to Corso's former spouse, Beth Ann Corso ("Mrs. Corso"). Id. The government states that section 3205(c)(8) of title 28 of the United States Code, which provides that "[j]udicial orders and garnishments for the support of a person shall have priority over a writ of garnishment issued under this section," grants priority to child support payments owed to Mrs. Corso over payments of restitution to Corso's victims under the Restitution Order. See Mot. to Disburse at 2-3 (Doc. No. 155). The government represented that child support arrearages of $13,567.94 were owed to Mrs. Corso as of February 17, 2016, pursuant to Orders entered by state courts in California and Connecticut. See id. at 2.

---

[1] The government's Motion to Disburse initially reported that there is $289,414.52 available for distribution. See Mot. to Disburse at 2 (Doc. No. 155). As the court prepared this Ruling, however, it became clear that $308,081.54 that was garnished from bank accounts in September 2014 had not actually been transferred from the garnished accounts to the Registry of the Court. That oversight was rectified, with the result that there is now $597,496.06 held in the Registry of the Court in connection with this case.

2

After receiving the government's Motion, the court ordered Corso to show cause why the Motion should not be granted. See Order to Show Cause (Doc. No. 156). In a brief response, Corso disputed that there is any past-due child support owed, but otherwise "agree[d] with the government's general proposition that the garnished funds at issue should be applied first to outstanding support obligations (if any), and the balance used toward [Corso's] restitution obligation." Def.'s Resp. to Order to Show Cause Re: Gov't Mot. for Disbursement of Funds ("Corso Resp.") at 1 (Doc. No. 157).

After the court ordered Corso to show cause why the government's Motion should not be granted, the court received a series of letters from Mrs. Corso. See Letter from Beth Ann Corso to Judge Hall ("Mrs. Corso Letter #1") (Doc. No. 158-1); Letter from Beth Ann Corso to Judge Hall ("Mrs. Corso Letter #2") (Doc. No. 165); Letter from Beth Ann Corso to Judge Hall ("Mrs. Corso Letter #3") (Doc. No. 166). In these letters, Mrs. Corso principally asserts that she is entitled not just to a priority distribution of funds to cover past-due child support payments, but that she is also entitled to a priority distribution of funds to cover alimony arrearages. See Mrs. Corso Letter #1 at 1-2 (Doc. No. 158-1). As of March 14, 2016, Mrs. Corso was owed $200,482.01 in past-due alimony payments, as well as additional sums for property settlement arrearages, unreimbursed medical bills, and attorneys' fees. See Order of Danbury Superior Court (Doc. No. 166-1); see also Mrs. Corso Letter #3 (Doc. No. 166) (stating that Mrs. Corso is owed a total of $262,268.01).

The court construed Mrs. Corso's first letter as a Motion to Intervene and ordered Corso and the government to show cause why her Motion should not be granted.[2] See

---

[2] Corso did not respond to this Order to Show Cause.

3

Order to Show Cause (Doc. No. 159).  In response, the government argued that Mrs. Corso could participate in this action as an "interested party" pursuant to section 3202(c) of title 28 of the United States Code and that, as a result, it was unnecessary to allow Mrs. Corso to intervene.  See United States' Resp. to Order to Show Cause ("Gov't Resp.") at 3 (Doc. No. 160).  In that same filing, the government argued that Mrs. Corso's alimony arrearages should not be afforded priority over restitution payments to Corso's victims.  See id. at 4.  After due consideration, the court accepted the government's argument and granted Mrs. Corso status as an "interested party" in this action.  See Order (Doc. No. 161).

On April 14, 2016, the court held a hearing on the pending Motion to Disburse Funds.  See Minute Entry (Doc. No. 173).  Counsel for both the government and Corso were present and participated in the hearing, as did Mrs. Corso, who appeared pro se.  See id.  At the close of the hearing, the court took the government's Motion under advisement.

For the reasons that follow, the court now **GRANTS** the Motion for Disbursement of Funds (Doc. No. 155), and orders that the full sum held in the Registry of the Court be distributed to Corso's victims pursuant to the Restitution Order entered in this case.  See Restitution Order (Doc. No. 74).  Although the court is sympathetic to Mrs. Corso's plight, the court concludes that she is not entitled to a priority distribution of funds to cover child support or alimony arrearages under federal law.  The victims who are still owed restitution as identified in the Restitution Order are:  D. & S. Patrick; K. Mansour; J. & R. Barber; C. Souki; P. Kessler; M. Hadid; A. & Robin Burditt; the Internal Revenue Service; the State of Connecticut; and substitute victim Executive Risk Indemnity Inc.

See Restitution Order (Doc. No. 74).

## II. DISCUSSION

Although the government's Motion for Disbursement of Funds invokes section 3205(c)(8) of title 28 of the United States Code—part of the Federal Debt Collection Procedures Act ("FDCPA"), see Mot. to Disburse at 1 (Doc. No. 155)—the liability at issue in this case arose under the Mandatory Victims Restitution Act ("MVRA") which, among other things, makes restitution mandatory in cases "in which an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(a)(1), (c)(1)(B). Federal law makes clear that the government may enforce restitution orders entered pursuant to the MVRA "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a), (f); see also 18 U.S.C. § 3664(m)(1)(A)(i)-(ii). In other words, "the government is authorized to enforce any restitution order imposed as part of a criminal sentence by using its authority under FDCPA." United States v. Cohan, 798 F.3d 84, 89 (2d Cir. 2015).

Although the FDCPA is a tool that the government may use when seeking to enforce an order of restitution entered pursuant to the MVRA, the FDCPA itself makes clear that, in the event a provision of the FDCPA conflicts with the MVRA, it is the MVRA that governs. See 28 U.S.C. § 3001(b) ("To the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter."); see also 28 U.S.C. § 3003(b)(2) (noting that the FDCPA "shall not be construed to curtail or limit the right of the United States

under any other Federal law or any State law . . . to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case"); United States v. Elashi, 789 F.3d 547, 553 (5th Cir. 2015) ("Thus, when the FDCPA's procedures conflict with the procedures laid out in another federal law, it is the other procedures—here, the procedures in the MVRA—that must apply.").

Similarly, the plain text of the MVRA makes clear that, in the event the MVRA conflicts with any other federal law, the MVRA must prevail. See 18 U.S.C. § 3613(a), (f) ("Notwithstanding any other Federal law . . . a judgment imposing [an order of restitution³] may be enforced against all property or rights to property of the person fined . . . ."); Elashi, 789 F.3d at 552 (noting that "[t]his court has interpreted this 'notwithstanding' clause as signaling a clear Congressional intent to override conflicting federal law" (internal quotations, alterations, and citation omitted)); see also Cisneros v. Alpine Ridge Group, 508 U.S. 10, 18 (1993) ("As we have noted previously in construing statutes, the use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section.").

In light of the foregoing, the proper place to begin analyzing the question presented by this case is with the procedures for enforcing a criminal fine or restitution order provided by the MVRA. Under the MVRA, "[n]otwithstanding any other Federal law . . . a judgment imposing [an order of restitution] may be enforced against all property or rights to property of the person fined." 18 U.S.C. § 3613(a), (f) (emphasis

---

³ Although subsection (a) of section 3613 speaks specifically of fines, subsection (f) of section 3613 clarifies that "all provisions of this section are available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f); see also 18 U.S.C. § 3664(m)(1)(A).

added).  The MVRA's directive that all property or rights to property of a person subject to a criminal fine or restitution order are potentially recoverable by the federal government to satisfy that restitution order is subject to three enumerated clarifications: (1) that "property exempt from levy for taxes pursuant to [enumerated subsections of section 6334] shall be exempt from enforcement of the judgment under Federal law"; (2) that "section 3014 [of the FDCPA] shall not apply to enforcement under Federal law; and" (3) that limitations on the amount that can be garnished from an individual's disposable earnings "shall apply to enforcement of the judgment under Federal law or State law."  18 U.S.C. § 3613(a)(1)-(3).  Put more succinctly, "[t]he MVRA provides that a restitution award may be enforced against 'all property or rights to property of the person,' except for property that falls within the exemptions set forth in Section 6334(a)(1)-(8), (10), and (12) of the Internal Revenue Code."  United States v. Jaffe, 417 F.3d 259, 265 (2d Cir. 2005).

Because conflicts between the MVRA and other federal statutes must be resolved in favor of the MVRA, and because the MVRA makes clear that "a judgment imposing a fine may be enforced against all property or rights to property of the person fined," subject only to the enumerated exemptions, 18 U.S.C. § 3613(a) (emphasis added), the exemptions listed in the MVRA are necessarily exclusive.  Thus, numerous federal courts have found that various protections and exemptions present in other federal laws are inapplicable when the government seeks to enforce a restitution order or collect a criminal fine.  See, e.g., Elashi, 789 F.3d at 552 (holding that "state-law limitations in the FDCPA are inapplicable when the United States is enforcing a federal criminal debt"); United States v. Irving, 452 F.3d 110, 126 (2d Cir. 2006) (concluding

that section 3613(a) is an exception to the anti-alienation provisions of the Employee Retirement Income Security Act ("ERISA")).[4]

The property that is exempted from the government's enforcement of a criminal fine or restitution order by operation of section 3613(a)(1) of the MVRA is varied, but it includes such things as clothes and textbooks, 26 U.S.C. § 6334(a)(1), personal effects, id. at (a)(2), unemployment benefits, id. at (a)(4), certain annuity and pension payments, id. at (a)(6), and—crucially for this case—"[j]udgments for support of minor children," id. at (a)(8). More specifically, section 6334(a)(8) of title 26 of the United States Code, which is one of the statutory provisions cross-referenced by section 3613(a)(1) of the MVRA, provides that, "[i]f the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment" is exempt. None of the exemptions listed in section 6334(a) and cross-referenced by section 3613(a)(1) are for alimony or other family support payments and, relatedly, there is no provision that exempts orders for child support entered after the date of levy. See 26 U.S.C. § 6334(a); 18 U.S.C. § 3613(a)(1) (emphasis added).

The priority schedule of the FDCPA outlined in section 3205(c)(8), which states

---

[4] Further support for the idea that the exemptions of section 3613(a)(1) are exclusive is provided by the fact that section 3613(a)(2) specifically disallows a class of exemptions otherwise permitted by the FDCPA. See 18 U.S.C. § 3613(a)(2) (noting that "section 3014 . . . shall not apply to enforcement under Federal law"); United States v. Phillips, 50 Fed. App'x 303, 304 (6th Cir. 2002) ("Section 3613(a) . . . sets forth a narrow range of exemptions and expressly states that the broader [section] 3014 exemptions under the [FDCPA] are not available to the defendant under that section."); United States v. Rice, 196 F. Supp. 2d 1196, 1199 (N.D. Okla. 2002) ("Subsection (a)(2) of [section] 3613 declares that the exemptions in [section] 3014 of the FDCPA, which would ordinarily be available to debtors in all other enforcement actions by the government, are not available in criminal cases."). Thus, the MVRA explicitly states that not all of the protections afforded by the FDCPA are available in cases where the government is using the FDCPA to satisfy a fine or order of restitution in a criminal case.

that "[j]udicial orders and garnishments for the support of a person shall have priority over a writ of garnishment issued under this section," 28 U.S.C. § 3205(c)(8), protects a broader class of property than what is protected by the exemptions of the MVRA described above.  In fact, the plain text of section 3205(c)(8) would seem to suggest that, if section 3205(c)(8) applies in cases where the government is seeking to satisfy a fine or restitution order entered in a criminal case, all alimony and child support payments, regardless of when the orders mandating those payments were entered, would be exempted under the FDCPA.[5]  This is not permissible under the plain text of the MVRA, however, which makes clear that the exemptions provided by that statute are exclusive.  Because the FDCPA would exempt more property than allowed by the MVRA, and because conflicts between the MVRA and the FDCPA must be resolved in favor of the MVRA, the court concludes that the broader exemption of section 3205(c)(8) does not apply in cases where the government is seeking to enforce a criminal fine or restitution order under the MVRA.

The court is cognizant of the fact that the foregoing conclusion is in tension with the decisions of most district courts that have addressed the applicability of section

---

[5] The court notes that, in its briefing and at oral argument, the government tried valiantly to distinguish alimony orders and child support orders such that the latter are orders "for the support of a person" under section 3205(c)(8), whereas the former are not.  The court remains unpersuaded that such a distinction can be drawn under the plain language of the statute.  Presumably if Congress had intended to prioritize only child support orders, they would have used the term "child," instead of the broader term "person."  Similarly, the government's argument that alimony and child support are treated differently under Connecticut law, and that orders for alimony are not understood by Connecticut courts to be support orders, is also unpersuasive.  Although the Connecticut statute authorizing alimony awards unquestionably reflects a legislative judgment that there may be different reasons for awarding alimony in different cases, see C.G.S.A. § 46b-82, it is equally clear that Connecticut courts recognize that a key reason for awarding alimony can be providing support for a person, see Dan v. Dan, 315 Conn. 1, 13 (2014) (noting that legitimate purposes of alimony include "to maintain permanently the standard of living of the supported spouse at the level that he or she enjoyed during the marriage or to provide temporary support in order to allow the supported spouse to become self-sufficient").

3205(c)(8) to cases in which the government seeks to satisfy criminal restitution orders. Most, but not all, district courts that have addressed related scenarios have concluded that child support orders receive priority pursuant to section 3205(c)(8) when the government seeks a writ of garnishment to satisfy a fine or amount of restitution owed pursuant to a criminal judgment.  See, e.g., United States v. Lossie, No. 2:09CR30, 2012 WL 484231 at *1 (W.D.N.C. Feb. 14, 2012) (noting that section 3205(c)(8) is an "exemption for any judgment for support of a minor"); Parkhurst v. Belt, Civ. No. 07-2068, 2009 WL 1537459 at *1 (W.D. Ark. June 1, 2009); United States v. Calloway, Criminal No. 3:00CR160, 2008 WL 3992156 at *2 (W.D.N.C. Aug. 27, 2008) (noting that section 3205(c)(8) of title 28 of the United States Code "prioritizes child support orders over writs of garnishment"); but see United States v. Brosseau, 446 F. Supp. 2d 659, 662-63 (N.D. Tex. 2006) (concluding that child support orders are not entitled to priority under the FDCPA in a case where the government's "lien (1) is a tax-type lien, and (2) arises out of a restitution order in a criminal case" because "[t]he FDCPA clearly states that it shall not be construed to limit the Government's right to (1) enforce a tax-type [lien], or (2) enforce a restitution order in a criminal case").  However, the cases that conclude that section 3205(c)(8) applies in circumstances like the ones presented by this case do so without analysis of the interplay between the MVRA and the FDCPA. See, e.g., United States v. Owl, Criminal No. 2:08cr21-2, 2010 WL 1849008 at *1 (W.D.N.C. May 7, 2010) (stating simply that, "in the event that an order for child support should be entered at some future time, it shall have priority over a writ of garnishment issued pursuant to the FDCPA" under section 3205(c)(8)).  Furthermore, and as noted above, see supra at 8, preexisting child support orders are, in fact, given priority by

operation of section 3613(a)(1), meaning that the outcome reached in these cases is, for the most part, correct, and it is just the specific statutory citation ruled on that is wrong.  In any event, the conclusion reached by this court is compelled by the text of the MVRA and the FDCPA, as explained above.  See also Elashi, 789 F.3d at 553 ("[W]hen the FDCPA's procedures conflict with the procedures laid out in another federal law, it is the other procedures—here, the procedures in the MVRA—that must apply.").

Having concluded that the priority schedule of section 3205(c)(8) does not apply in this case, all that remains is for the court to consider whether any of the claims pressed by Mrs. Corso fall within one of the exemptions provided by section 3613(a)(1) of the MVRA.  With respect to alimony arrearages, the answer is clear:  as noted above, section 3613(a)(1) does not provide an exemption for alimony payments, which means that Mrs. Corso is not entitled to priority distribution of the funds held in the Registry of the Court to satisfy past-due alimony payments owed to her by Corso.

Although Mrs. Corso is not entitled to a priority distribution under section 3205(c)(8) to cover alimony arrearages, under some circumstances she might have been entitled to a priority distribution under section 3613(a)(1) to cover child support owed to her.  The necessary circumstances are absent in this particular case, however, because Mrs. Corso's child support Order was obtained long after the Restitution Order entered.  See 18 U.S.C. § 3613(a)(1) (stating that only "property exempt from levy for taxes pursuant to section 6334(a)(1)[-(8)], (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law"); 26 U.S.C. 6334(a)(8) (stating that only "[j]udgments for support of minor children . . .

entered prior to the date of levy" are exempt).  Compare Separation Agreement (Doc. No. 157-1) (dated June 20, 2011 and providing that Corso must pay child support to Mrs. Corso), with Restitution Order (Doc. No. 74) (dated February 11, 2009).

The court is sympathetic to Mrs. Corso, who spoke movingly and persuasively at the oral argument on the pending Motion.  However, the court is bound by federal law.  Congress has determined that restitution for victims of crimes is so important that the government may seek to enforce restitution orders against "all property or rights to property of the person fined," subject only to several enumerated and narrowly drawn exemptions.  18 U.S.C. § 3613(a).  It is not for this court to question the priorities Congress has established by operation of this statute.  On the basis of the foregoing analysis, the court concludes that Mrs. Corso is not entitled to a priority distribution of any of the funds currently held in the Registry of the Court.

### III.    CONCLUSION

For the foregoing reasons, the United States' Motion for Disbursement of Funds (Doc. No. 155) is **GRANTED**.  The Clerk is directed to disburse the full sum of money currently held in the Registry of the Court to Corso's victims pursuant to the Restitution Order (Doc. No. 74) entered in this case.

**SO ORDERED.**

Dated at New Haven, Connecticut, this 14th day of June, 2016.


　　　　　　　　　　　　　　　　　　　　 /s/ Janet C. Hall
　　　　　　　　　　　　　　　　　　　　Janet C. Hall
　　　　　　　　　　　　　　　　　　　　United States District Judge