UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. |
| | : | 3:05-CR-00105 (JCH) |
| v. | : | |
| | : | |
| STEPHEN P. CORSO, | : | |
| Defendant. | : | AUGUST 5, 2016 |
| | : | |

**RULING RE: MOTION TO DESIGNATE BETH ANN AND CLINT CORSO AS VICTIMS**
**(DOC. NO. 189)**

**I.    BACKGROUND**

On April 20, 2005, defendant Stephen P. Corso ("Corso") entered a plea of guilty

to one count of wire fraud in violation of section 1343 of title 18 of the United States

Code and one count of attempted income tax evasion in violation of section 7201 of title

26 of the United States Code.  See Minute Entry (Doc. No. 9).  Four years later, on

February 3, 2009, the court sentenced Corso to a term of imprisonment to be followed

by supervised release, and imposed a restitution obligation of $5,446,735.  See

Judgment (Doc. No. 73).  A separate Restitution Order entered shortly after Corso's

sentencing proceeding specifying the amount of restitution Corso owes to individual

victims, as well as the schedule on which Corso is obligated to make restitution

payments.  See Restitution Order (Doc. No. 74).

On February 17, 2016, the government filed a Motion seeking the disbursement

of funds held in the Registry of the Court to individual victims pursuant to the Restitution

Order.  See United States' Mot. for Disbursement of Funds ("Mot. to Disburse") at 1-2

(Doc. No. 155).  After the government's Motion was filed, Corso's former wife, Beth Ann

Corso ("Mrs. Corso") wrote a series of letters to the court asking the court to grant her a

priority distribution of the funds held in the Registry of the Court for child support and alimony arrearages owed to her by Corso.  See, e.g., Letter from Beth Ann Corso to Judge Hall (Doc. No. 166).  In support of her request, Mrs. Corso invoked section 3205(c)(8) of title 28 of the United States Code, which provides that "[j]udicial orders and garnishments for the support of a person shall have priority over a writ of garnishment issued under this section."  Id.  After receiving Mrs. Corso's letters and at the government's urging, the court allowed Mrs. Corso to appear pro se in this case as an "interested person" pursuant to section 3202(c) of title 28 of the United States Code. See Order (Doc. No. 161).

After several rounds of briefing and an oral argument, the court ruled on the government's Motion to Disburse (Doc. No. 155) on June 14, 2016.  Although the court is sympathetic to Mrs. Corso, the court ultimately concluded that she is not entitled to a priority distribution of the funds held by the court because section 3205(c)(8) of title 28 of the United States Code conflicts with the Mandatory Victims Restitution Act ("MVRA"), and therefore does not apply to this case.  See Ruling (Doc. No. 180).  The court ordered that the entire balance of funds held in the Registry of the Court be distributed to Corso's individual victims pursuant to the Restitution Order.  See id. at 12.

Following entry of the court's Ruling, Mrs. Corso requested—and the court granted—several stays of its execution while Mrs. Corso sought legal advice concerning whether she should file an appeal.  See Order (Doc. No. 182); Order (Doc. No. 187); Order (Doc. No. 190).  But instead of filing a Notice of Appeal, on July 22, 2016, Mrs. Corso, still acting pro se, filed a Motion that requests the designation of Mrs. Corso and her son, Clint Corso, as victims of Corso's criminal conduct who are entitled to a portion

of the funds held in the Registry of the Court as restitution.  See Mot. to Request the Designation of Beth Ann Corso and Clint Gian Carlo Brant Corso as Victims of the Crimes of Stephen P. Corso Entitled to Share in the Funds Currently Held in Escrow in Criminal Case No. 3:05-CR-105 (JCH) ("Victim Designation Mot.") (Doc. No. 189).  The government filed an opposition to Mrs. Corso's Motion on July 28, 2016.  See United States' Mem. in Opp. to Interested Party Beth Corso's Mot. to be Designated as a Victim ("Gov't's Opp.") (Doc. No. 192).  Mrs. Corso did not file a Reply within the time period afforded by the court.

For the reasons that follow, the court now **DENIES** Mrs. Corso's Victim Designation Motion (Doc. No. 189).

## II.  DISCUSSION

As the court has already noted, the court has been, and remains, sympathetic to Mrs. Corso's situation, which she has expressed ably and persuasively in her filings and at oral argument in this case.  However, Mrs. Corso is not legally entitled to the relief she seeks, and therefore the court must deny her Motion.

First, as the government notes, Mrs. Corso is appearing pro se in this matter, which means she lacks standing to assert claims on behalf of her son, Clint Corso.  See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.").  Thus, any portion of Mrs. Corso's Motion that requests relief on behalf of her son must be denied.

Second, Mrs. Corso's request for relief on her own behalf fails as a matter of law.[1]  The MVRA defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered."  18 U.S.C. § 3663A(a)(2).  As the government points out, the Second Circuit has held that, "[a]lthough the definition of victim is certainly broad, in determining whether one qualifies as a victim, a sentencing court can only consider the offense or offenses for which the defendant was convicted."  United States v. Battista, 575 F.3d 226, 231 (2d Cir. 2009).[2]  In other words, "[s]ection 3663A(a)(1) does not authorize the court to order a defendant to pay restitution to any person who was not a victim of the offense of which the defendant was convicted," United States v. Reifler, 446 F.3d 65, 121 (2d Cir. 2006), because "[t]he loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order," Battista, 575 F.3d at 231 (quoting Hughey v. United States, 495 U.S. 411, 420 (1990)).  This limitation on restitution orders is necessitated by the plain language of the MVRA, which only authorizes courts to order a defendant to pay restitution "to the victim of the offense."  18 U.S.C. § 3663A(a)(1) (emphasis added).

In this case, the offense conduct for which Corso was sentenced—and for which the Restitution Order entered—was wire fraud and tax evasion committed from January 1997 through June 2002.  See Stipulation of Offense Conduct at 1 (Doc. No. 6).  Mrs.

---

[1] Even if Mrs. Corso were able to assert claims on her son's behalf, the law discussed in this section of the court's Ruling would bar the court from directing that Clint Corso be designated as a victim entitled to restitution in this case.

[2] Although Battista concerns the appropriateness of an Order of restitution under the Victim and Witness Protection Act ("VWPA"), not the MVRA, "the provisions of the VWPA and the MVRA are nearly identical," Battista, 575 F.3d at 231 (internal quotations and citation omitted), and the definition of victim used in each statute is, in all ways relevant for this Ruling, the same.

Corso is not listed among the victims who suffered losses from these offenses in the

Stipulation of Offense Conduct filed contemporaneously with Corso's plea agreement,

see id. at 2, and Mrs. Corso's Motion does not argue that her absence from this list is an

oversight on the government's part, see Victim Designation Mot. (Doc. No. 189).

Rather, Mrs. Corso argues that she should be added to the list of victims in the

Restitution Order because she has been victimized by separate, allegedly unlawful

conduct undertaken by Corso in the years following the offense conduct for which he

was convicted.  See id. at 2-3 (stating that Clint and Mrs. Corso "have been and

continue to be victims of Mr. Corso's criminal conduct through his nonpayment of court

ordered alimony and tuition").  Because this conduct falls well outside the scope of the

offense conduct for which the court could properly order restitution pursuant to the

MVRA, the court cannot order that Mrs. Corso be designated a victim in this case.  See

Battista, 575 F.3d at 231; Reifler, 446 F.3d at 121.

III.    CONCLUSION

        For the foregoing reasons, Mrs. Corso's Victim Designation Motion (Doc. No.

189) is **DENIED**.

        **SO ORDERED.**

        Dated at New Haven, Connecticut, this 5th day of August, 2016.


                                    /s/ Janet C. Hall
                                    Janet C. Hall
                                    United States District Judge

5